UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN SCOTT MIRABAL,<br><br>                                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No. 2:15-cv-00893-BJR-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 25, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 17, 2012, plaintiff filed an application for SSI benefits, alleging disability as of November 1, 2010. Dkt. 11, Administrative Record (AR) 15. That application was denied upon initial administrative review on June 19, 2012, and on reconsideration on September 25, 2012. *Id.* On May 29, 2013, a hearing was held before an administrative law judge (ALJ) at which plaintiff's counsel but not plaintiff himself appeared, and at which a vocational expert appeared and testified. AR 28-38. A second hearing was held before the same ALJ on November 13, 2013,

ORDER - 1

at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. AR 39-70.

In a decision dated December 2, 2013, the ALJ determined plaintiff to be not disabled. AR 15-23. On March 30, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481. On June 8, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 3. The administrative record was filed with the Court on December 7, 2015. Dkt. 11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity (RFC); and (4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the medical evidence in the record, and thus in assessing plaintiff's RFC and in finding her to be capable of performing other jobs. Also for the reasons set forth below, however, the undersigned recommends that the Court reverse defendant's decision and that it remand this matter for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

ORDER - 2

785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I. <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

The ALJ is responsible for determining credibility and resolving ambiguities and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff challenges the ALJ's following findings regarding the medical opinion evidence in the record:

> . . . I have given some weight to [the consultative opinion of David Mashburn, Ph.D.] . . . Dr. Mashburn's [opinion is] largely consistent with the claimant's treatment history, his performance on examinations, and his independent daily activities and daily functioning set forth above. . . . Dr. Mashburn . . . opined that the claimant's paranoid delusions would hinder him from complying with tasks that he believed were part of the delusional scheme, and that he had a very low Global Assessment of Functioning (GAF) score of 49 (7F/5). However, the evidence is not consistent with such severe restrictive limitations. Given the claimant's delusions and anxiety, I have limited him to minimal public interaction and only occasional superficial interaction with coworkers.
>
> For the same reasons (i.e., the claimant's treatment history, performance on examinations, and independent daily activities and social functioning), I have assigned little weight to the [state agency] assessment completed by David Widlan, Ph.D., which indicates that the claimant was markedly limited in social and cognitive functioning with a low GAF score of 45 (1F/1-5). Additionally, Dr. Widlan's report was based in large part on the claimant's self-report (*see* 1F/1 (indicating no records reviewed)), but, as noted, he is not entirely credible.

AR 21. Plaintiff argues these are insufficient reasons for rejecting Dr. Mashburn's and Dr.

ORDER - 5

Widlan's opinions. The undersigned agrees.

First, as plaintiff points out, the ALJ fails to explain how plaintiff's treatment history, performance on examinations, daily activities and social functioning are consistent with some of the functional limitations Dr. Mashburn assessed, but not his more severe restrictions. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more . . . asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). Second, it certainly is possible that the evidence of delusions and other abnormal findings Dr. Mashburn noted during his examination of plaintiff could support those more restrictive limitations, and again the ALJ fails to adequately explain why that evidence does not provide that support. AR 311-17; *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

Similarly, the ALJ does not offer a sufficient explanation as to why plaintiff's treatment history, performance on examinations, daily activities and social functioning constitutes a valid basis for assigning only little weight to Dr. Widlan's functional assessment, particularly in light of the abnormal clinical findings both Dr. Widlan and Dr. Mashburn reported that they observed. AR 258, 262, 311. While some of those findings were unremarkable, a fair number of them once more were not. *Id.* The same is true in regard to findings obtained from examinations performed by plaintiff's treatment providers. AR 273, 275, 277, 280-82, 292-93, 301, 305.

In addition, although plaintiff's treatment history may have been less than optimal, one reason plaintiff did not seek greater treatment appears to have been due to the effects of his mental impairments, which apparently continued even when plaintiff was on medication. AR 53-

ORDER - 6

55, 273, 275, 277, 281-82, 293, 303, 305, 310. Plaintiff also reported experiencing side effects from at least some of the medications prescribed to him. AR 51, 275, 277, 281; SSR 96-7p, 1996 WL 374186 *7 (ALJ must not draw any inferences about a claimant's symptoms and their functional effects from the claimant's failure to follow prescribed treatment, without first considering any explanations the claimant may provide or other information in the record which may explain that failure).

The evidence of plaintiff's activities and social functioning – or rather lack thereof – in the record, furthermore, hardly contradicts the opinions of Dr. Mashburn and Dr. Widlan. AR 48-50, 56, 60-61, 210-13, 226, 251, 311-12. Finally, given that Dr. Widlan reported personally observing abnormal symptoms and behavior during his evaluation of plaintiff – and based his assessment at least in part on those observations without indicating he placed any greater reliance on plaintiff's own self report (AR 258-60) – the ALJ also erred in finding Dr. Widlan based his opinion largely on such self-reporting. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (when a medical opinion is not more heavily based on a claimant's self-reports than on clinical observations, there is no evidentiary basis for rejecting it).

II.     The ALJ's RFC Assessment

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. A claimant's RFC

ORDER - 7

assessment is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Here, the ALJ assessed plaintiff with the RFC:

> **to perform a full range of work at all exertional levels. In terms of nonexertional limitations, he is limited to tasks that can be learned in 30 days or less involving no more than simple work-related decisions and few workplace changes. He should have minimal (that is, less than five percent of the workday) public interaction. He can interact with coworkers on an occasional and superficial basis.**

AR 19 (emphasis in original). But because as discussed above the ALJ erred in evaluating the medical opinion evidence in the record, the undersigned agrees with plaintiff that this RFC assessment cannot be said to completely and accurately describe all of his functional limitations, and thus to be supported by substantial evidence or free of error.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir.

ORDER - 8

1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the second hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC. AR 65-66. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. AR 65-67. Based on the vocational expert's testimony, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. AR 22-23. Once more, though, given the ALJ's erroneous RFC assessment, it cannot be said that the hypothetical question completely and accurately describes all of plaintiff's functional limitations, and therefore that the vocational expert's testimony – as well as the ALJ's reliance thereon to find plaintiff not disabled at step five – is supported by substantial evidence or free of error.

ORDER - 9

## IV. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because it is not entirely clear from the record that the ALJ would be required to adopt the more restrictive functional limitations Dr. Mashburn and Dr. Widlan assessed, issues remain as to plaintiff's RFC, as well as her ability to perform other jobs existing in significant numbers in the national economy. Remand for further consideration of those issues, therefore, is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends

ORDER - 10

as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 25, 2016**, as noted in the caption.

DATED this 8th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11